Justin T. Walton, Esq. (IN #29540-49)
  (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: jwalton@schuckitlaw.com

*Lead Counsel for Defendant, Trans Union Interactive, Inc.*

Monica Katz-Lapides, Esq. (CSB #267231)
Tate & Associates
1321 8th Street, Suite 4
Berkeley, CA 94710
Telephone: 510-525-5100
Fax: 510-525-5130
E-Mail: mkl@tateandassociates-law.com

*Local Counsel for Defendant, Trans Union Interactive, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RACQUEL L. VOGUS and TRENTON D. VOGUS, | CASE NO. 3:13-cv-02252-WHA |
| Plaintiffs, | **TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; CONSUMERINFO.COM, INC.; QUIZZLE LLC; TRANS UNION LLC, and TRANSUNION INTERACTIVE, INC.; | |
| Defendants. | |

Trans Union Interactive, Inc. ("TUI"), by counsel, responds to Plaintiffs' Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiffs' allegations are set forth verbatim with Trans Union's responses immediately following.

### Preliminary Statement

1. This is an action for damages by Racquel L. Vogus and Trenton D. Vogus against Experian Information Solutions, Inc.; ConsumerInfo.com, Inc.; Quizzle LLC; Trans

Union, LLC; TransUnion Interactive, Inc. for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq.*

**ANSWER:** TUI denies that it violated the FCRA (or any other law). TUI denies that Plaintiffs are entitled to any damages, costs, fees or other relief from or against TUI. TUI states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### The Parties

2. Plaintiffs, Racquel L. Vogus and Trenton D. Vogus, husband and wife, are residents of Longmont, Colorado. They formerly were residents of Clovis, CA.

**ANSWER:** TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, CA.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Defendant ConsumerInfo.com, Inc., (ConsumerInfo.com) is a California corporation and a wholly-owned subsidiary of defendant Experian Information Solutions, Inc.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Defendant Quizzle LLC ("Quizzle") is a Michigan limited liability company with its principal place of business in Bingham Farms, Michigan.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Trans Union, LLC ("TU") is a Delaware limited liability company with its principal place of business in Chicago, IL.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

7.    Defendant TransUnion Interactive, Inc. ("TU Interactive") is a Delaware corporation with its principal place of business in Chicago, IL. It is a wholly-owned subsidiary of Trans Union, LLC.

**ANSWER:**    TUI admits that it is a Delaware corporation and it is a wholly-owned subsidiary of Trans Union, LLC.  TUI states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### Jurisdiction & Venue

8.    The court has federal question jurisdiction over the Fair Credit Reporting Act (FCRA) claims pursuant to 15 USC §1681p.

**ANSWER:**    TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.    Venue is proper in this district.  The defendants are subject to personal jurisdiction within this district.

**ANSWER:**    TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### Description of the Case

10.    Plaintiffs Are Victims [sic] of Identity Theft.    Trenton D. Vogus's employment as a firefighter requires him to be away from home for extended periods of time. While in Fresno, he stays at the firehouse or at the residences of co-workers.  Because he has no permanent residence in Fresno, Trent kept many of his possessions and files in his vehicle, a 1999 Toyota 4Runner.

**ANSWER:**    TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.    On the morning of February 1, Trent discovered his vehicle had been stolen from the gated parking lot of a co-worker's apartment building where he spent the night. Some personal identifying information, such as names, addresses, and dates of birth, of Trent, his wife and their four minor children was inside the vehicle.  This information was

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

contained on a state employee human resources/ health insurance document that was inside the stolen truck.  Also, copies of Trent's resume were inside the vehicle.

**ANSWER:**    TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.    Trent immediately reported the vehicle as stolen to the Fresno Police Department.

**ANSWER:**    TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.    Plaintiffs' investigation revealed that the thief or thieves who stole plaintiff's truck also stole plaintiffs' identity.

**ANSWER:**    TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.    Trent knew that his identity had been stolen when he received on adverse action letter on February 22, 2013, from Capital One/Best Buy.  Trent immediately called Experian, Equifax and Trans Union to place fraud alerts on his credit files.  The plaintiff Racquel Vogus realized her identity had been stolen on March 1, 2013, when she received a call from the fraud department of Citibank/Sears.  The representative said that two women had gone to the Sears store in Fresno and had requested a credit card in their names claiming they were authorized users on the account.  The Citibank representative also said that on February 28, 2013, someone called Citibank's 800 number and provided the last four digits of Racquel Vogus' social security number in order to gain access to the account.  Citibank gave them access to the account as authorized users.  At the caller's request, Citibank changed the telephone number and address on the account, On March 1, 2013, the two fraudsters went to a Sears store in Fresno and asked for a shopping pass on Racquel's account.  About 20 minutes later, Citibank cancelled the pass due to "flagged information."  Racquel placed an initial fraud alert with all three credit bureaus on the night of March 1st over the phone via their automated fraud alert systems. On March 2, 2013, the fraudsters applied for a J.C. Penney/GE Capital account under Racquel's name and information.  On

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

March 4, 2013, the fraudsters tried to open a Citibank/Home Depot credit card online using Racquel's information.  The application was rejected because the address given did not match plaintiffs' home address.  On March 7, 19 and 20, 2013, the fraudsters attempted to gain access to plaintiffs' Kohl's account succeeding once even though Kohl's had put special protection on the account.

**ANSWER:**     TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     On March 5, 2013, plaintiffs contacted defendants TU, Experian and Equifax and arranged for security freezes be put on their credit reports.

**ANSWER:**     TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     On March 6, 2013, plaintiffs were alerted via Lifelock, a credit monitoring service to which plaintiffs subscribed, that someone was attempting to set up an account with Verizon using Racquet's name, social security number, and date of birth.  Plaintiff Racquet Vogus contacted Verizon; a representative said an account was opened in her name and a phone number assigned to her even though plaintiffs had security freezes and fraud alerts in place at TU, Experian and Equifax.

**ANSWER:**     TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.     Problems with Quizzle & Experian [sic].  On March 1, 2013, plaintiffs reviewed copies of their Experian credit reports that included inquiries from Quizzle although they had never heard of Quizzle.

**ANSWER:**     TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.     Plaintiffs' investigation revealed that the only reason Quizzle's inquiries appeared on plaintiffs' Experian credit reports was that the identity thieves were using Quizzle to access plaintiffs' Experian credit reports.  The fraudsters obtained plaintiffs' Experian credit reports, which included plaintiffs' personal identifying and account

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

1  information. Using this information, the fraudsters were able to call plaintiffs' creditors to

2  change addresses, passwords, and to add authorized users.

3  **ANSWER:**   TUI states that it lacks knowledge or information sufficient to form a belief

4  about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5      19.   Quizzle's website advertises that anyone can obtain a full Experian credit

6  report with "no credit card or social security number required." All that Quizzle requires is a

7  name, address, and date of birth to get an Experian credit report.  According to Experian's

8  website, Quizzle is a partner in the business of selling credit reports and related products and

9  services.

10  **ANSWER:**   TUI states that it lacks knowledge or information sufficient to form a belief

11  about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12      20.   On March 2, 2013, Racquel talked to "Ian," a Quizzle representative. Plaintiff

13  asked why Quizzle's inquiries appeared on their credit reports; Ian said someone had opened

14  an account with Quizzle and obtained plaintiffs' credit reports.  Ian refused to disclose the

15  email of the person who obtained the reports or to block persons from obtaining plaintiffs'

16  credit reports.

17  **ANSWER:**    TUI states that it lacks knowledge or information sufficient to form a belief

18  about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19      21.   On March 4, 2013, Racquel contacted Quizzle again to ask that the fraudsters

20  not be allowed to monitor her credit or her husband's credit.  "Derek," the Quizzle

21  representative said that Quizzle had shut down the services it was providing to the fraudsters,

22  but that if someone tried to obtain plaintiffs' Experian credit reports using a different email

23  address, they could do so because "Quizzle would have no way of knowing it was not

24  [plaintiffs]."

25  **ANSWER:**   TUI states that it lacks knowledge or information sufficient to form a belief

26  about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27      22.   On April 8th, 2013, plaintiffs mailed, certified return receipt, a letter to

28  Experian stating they were victims of identity theft and that the fraudsters had signed up for

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

several credit monitoring services, including ConsumerInfo.com. Plaintiffs asked that Experian stop allowing their information to be dispersed via their credit monitoring service, ConsumerInfo.com. The letter was returned to plaintiffs unsigned on April 12th, 2013. Racquel contacted Experian and asked why the letter was returned. Racquel was instructed to fax the information to Experian via their emergency fax number. Racquel did fax the letter and information. Also, Racquel mailed the information again to Experian. After faxing the information, Racquel called Experian and the representative confirmed they received the letter and attached information. To date, Experian has not responded.

**ANSWER:** TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. On April 8, 2013, plaintiffs sent a letter to Quizzle stating they were victims of identity theft and that Quizzle should take steps to prevent any future access to plaintiffs' credit reports through Quizzle. Quizzle failed to respond.

**ANSWER:** TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. Problems with ConsumerInfo.com and Experian [sic]. The fraudsters obtained plaintiff Trenton Vogus's Experian credit information on February 4, 2013, by posing as him. On March 4, 2013, plaintiff Racquel Vogus talked to a ConsumerInfo.com representative about the fraudster's access to her husband's credit files explaining that they were victims of identity theft and that the fraudsters were using ConsumerInfo.com to access his credit files. Representatives of ConsumerInfo.com canceled the account opened by the fraudsters, but admitted that the fraudsters could open a new account using a different email address.

**ANSWER:** TUI states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. After canceling the account opened on February 4, 2013, ConsumerInfo.com allowed the fraudsters to open another account under Trenton's name. ConsumerInfo.com

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

1   also allowed the fraudsters to open an account under Racquel's name even though she had

2   warned ConsumerInfo.com the fraudsters were likely to do so.

3   **ANSWER:**   TUI states that it lacks knowledge or information sufficient to form a belief

4   about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5         26.   On March 6, 2013, Racquel Vogus talked to "Brandi," a representative of

6   ConsumerInfo.com and "Ms [sic] Sheffield" of Experian during a 3-way telephone call about

7   the fraudsters being able to access plaintiffs' Experian credit reports.  Mrs. [sic] Sheffield

8   confirmed to Brandi that Plaintiffs are victims of identity theft and Experian had all of the

9   necessary documents in their files, such as police reports, etc.  Mrs. [sic] Sheffield said there

10  was nothing she could do regarding the monitoring service.  Brandi spoke with her

11  supervisors and returned to the phone stating they don't have steps in place to prevent

12  something like this.  The representatives essentially said there was nothing they could do.

13  **ANSWER:**   TUI states that it lacks knowledge or information sufficient to form a belief

14  about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15        27.   On May 10, 2013, ConsumerInfo.com sent plaintiffs a letter stating they had

16  received their request to dispute information on their credit report. ConsumerInfo.com

17  responded with a letter that states plaintiffs sent the dispute information in error because

18  ConsumerInfo.com is not a credit reporting company.

19  **ANSWER:**   TUI states that it lacks knowledge or information sufficient to form a belief

20  about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21        28.   Problems with Transition Interactive, Inc. and Trans Union [sic].  Defendant

22  TransUnion Interactive offers consumers a credit monitoring service.

23  **ANSWER:**   As Plaintiffs' allegations are stated and absent a proper definition of the terms

24  employed, TUI states it lacks knowledge or information at this time sufficient to form a

25  belief about the truth of these allegations as they apply to TUI, which has the effect of a

26  denial under Rule 8(b)(5).  TUI states that it lacks knowledge or information sufficient to

27  form a belief about the truth of the remaining allegations, which has the effect of a denial

28  under Rule 8(b)(5).

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

29.     Beginning February 15, 2013, through April 4, 2013, plaintiffs' Trans Union credit reports show a series in Account Review Inquiries from defendant TransUnion Interactive.  The inquiries dated March 9 and 16, 2013, state the inquiries were for credit monitoring.  Plaintiffs did not order credit monitoring services from TransUnion Interactive nor did plaintiffs contact TransUnion Interactive for any other services.

**ANSWER:**     TUI states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to TUI, which has the effect of a denial under Rule 8(b)(5).  TUI states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30.     On March 4, 2013, Racquel talked to "Lolly," a TransUnion Interactive employee to complain that fraudsters were signing up with various credit monitoring services, including TransUnion Interactive, using plaintiffs' personal information, in order to gain access to plaintiffs' credit reports.  Armed with the credit reports, the fraudsters would be able to answer prospective creditors' security questions.

**ANSWER:**     TUI states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31.     On March 18, 2013, Racquel talked to "Phil," a TransUnion Interactive employee to explain that plaintiffs had never asked for any services from his company.  Racquel asked what permissible purpose existed for someone else to access their accounts; he had no answer.

**ANSWER:**     TUI states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.     On April 1, 2013, Racquel contacted TransUnion Interactive again and spoke to "Bryan," a supervisor.  Racquel explained she and her husband were victims of identity theft and that their credit reports were accessed by fraudsters.   Racquel asked that

1    TransUnion Interactive stop releasing credit reports to others.  Bryan said to send a letter

2    concerning the inquiries.

3    **ANSWER:**    TUI states that it lacks knowledge or information at this time sufficient to

4    form a belief about the truth of these allegations, which has the effect of a denial under Rule

5    8(b)(5).

6        33.    On April 8, 2013, plaintiffs sent a letter to TransUnion Interactive in which

7    they again explained that fraudsters had accessed their credit reports using its service.

8    Plaintiffs asked that TransUnion Interactive stop providing credit information to the

9    fraudsters and that the fraudulent inquiries should be removed from their Trans Union credit

10   report.

11   **ANSWER:**    TUI states that it lacks knowledge or information at this time sufficient to

12   form a belief about the truth of these allegations, which has the effect of a denial under Rule

13   8(b)(5).

14       34.    In a letter dated April 12, 2013, TransUnion Interactive responded with a non-

15   responsive form letter.  Upon receipt of the letter, on April 16, 2013, Racquel called

16   TransUnion Interactive reaching employee "Lisa."  After Racquel Vogus restated her

17   requests, Lisa said "she could not remove the inquiries and that she could find no reason for

18   the inquiries."

19   **ANSWER:**    TUI states that it lacks knowledge or information at this time sufficient to

20   form a belief about the truth of these allegations, which has the effect of a denial under Rule

21   8(b)(5).

22       35.    **Plaintiffs' Damages.**  As a result of defendants' conduct, defendants'

23   violations of the FCRA caused plaintiffs actual damages.  Defendants' disclosure of their

24   consumer reports to the fraudsters violated the privacy interests of plaintiffs by exposing

25   their personal and confidential information to use and abuse by persons who had no legal

26   right to obtain or use that information.  Plaintiffs have suffered actual damages in the form of

27   (a) lost credit opportunities and in particular the inability to buy a house, b) harm to credit

28   reputation and credit scores, and (c) emotional distress in the form of menial pain, anguish,

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE
DEFENSES– 3:13-CV-02252-WHA**

humiliation, embarrassment, anxiety and frustration.  Plaintiffs will continue to suffer the same for an indefinite time in the future, all to their great detriment and loss.

**ANSWER:**    TUI denies the allegations of this paragraph as they apply to TUI.  TUI denies that the remaining statements contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**Duties of Defendants Experian and Trans Union under the FCRA-Applicable to Defendants Trans Union and Experian**

36.    Permissible Purpose. Section 1681e(a) of the FCRA provides that every consumer reporting agency shall maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA. These procedures include requiring prospective users of the information to identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

**ANSWER:**    TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

37.    Section 168le(a) further provides that every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report.

**ANSWER:**    TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

38.    Section 168le(a) also provides that no consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

**ANSWER:**    TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

39.    **Reasonable Investigation of Disputed Information.**  Section 1681i(a)(l) provides that if the completeness or accuracy of any item of information contained in a

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

Page 11 of 25

consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

40. In conducting its reinvestigation of disputed information in n consumer report, the credit reporting agency is required to review and consider all relevant information submitted by the consumer.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

41. **Reasonable Procedures to Assure Maximum Possible Accuracy [sic].** Section 1681e(b) requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about who the report relates.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**Duties of Resellers-Duties of Defendants Trans Union Interactive, Quizzle, and ConsumerInfo.com under the FCRA**

42. Defendants Trans Union Interactive, Quizzle, and ConsumerInfo.com are resellers of credit information. As such, they are consumer reporting agencies under the FCRA and have the same duties and responsibilities as Trans Union and Experian, with a few exceptions not applicable to this action.

**ANSWER:** TUI states that allegations of this paragraph are legal conclusions and, so stating, denies them.

43. Under the FCRA, resellers must establish procedures to assure maximum possible accuracy of the consumer reports they sell.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so

1   stating, denies them.

2   44.   **Reseller's Duty to Investigate [sic]**.  Resellers that receive a notice from

3   a consumer about an item in the reseller's report must investigate the item to determine

4   whether or not it is incomplete or inaccurate as a result of some act or omission of the

5   reseller. If the reseller determines that the information was its responsibility, the reseller

6   must delete or correct the information in the consumer's report within 20 days.  If the

7   information is the result of someone else's act or omission, the reseller must convey the

8   consumer's notice of the dispute to the consumer report agency that provided the

9   information.

10   **ANSWER:**   TUI states that the allegations of this paragraph are legal conclusions and, so

11   stating, denies them.

12   45.   **Resellers May Sell Reports Only for Permissible Purposes.**  Resellers must

13   maintain reasonable procedures designed to ensure that information that it resells is used only

14   for permissible purposes.  These procedures include a requirement that each person to whom

15   information is resold and who provides the report to another must Identify each end-user,

16   certify the purpose for which the information will be used, and certify that the information

17   will be used for no other purpose. Reasonable efforts to verify these certifications and the

18   identity of each end-user must be made before reselling a report.

19   **ANSWER:**   TUI states that the allegations of this paragraph are legal conclusions and, so

20   stating, denies them.

21   46.   Resellers may not procure a report from a credit reporting agency without

22   disclosing to the credit reporting agency the identity of the end-user of information in the

23   report and each permissible purpose for which the information is furnished to the end-user.

24   This is to prevent what happened in this case; fraudsters obtained plaintiffs' credit reports

25   using the resellers as intermediaries.

26   **ANSWER:**   TUI states that the allegations of this paragraph are legal conclusions and, so

27   stating, denies them. TUI states that it lacks knowledge or information at this time sufficient

28   to form a belief about the truth of the remaining allegations as they apply to TUI, which has

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

the effect of a denial under Rule 8(b)(5).

47. **Resellers Must Block Identity-Theft Information.** If a consumer notifies a reseller that a report contains identity-theft information, the resellers must block the report from the subsequent use by the resellers. Consumers may enforce the blocking requirements under the FCRA.

**ANSWER:** TUI states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**First Claim: Violations of the Fair Credit Reporting Act-Against Trans Union**

48. Plaintiffs incorporate by reference ¶¶ 1 through 41.

**ANSWER:** TUI reasserts its answers and responses set forth herein.

49. Trans Union violated Section 1681(e)(a) having (a) failed to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under Section 1681b. Trans Union also violated Section 168l(e)(a) having had no reasonable grounds for believing that the consumer reports would be used by the persons who obtained plaintiffs' reports for a purpose listed under Section 1681b.

**ANSWER:** TUI denies that the statements contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50. Trans Union violated Section 1681b of the FCRA having had no reason to believe that the persons who obtained plaintiffs' credit reports intended to use its credit reports in connection with a "credit transaction" involving the consumers on whom the report was furnished.

**ANSWER:** TUI denies that the statements contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51. Within the two years preceding the filing of this complaint, plaintiffs notified Trans Union of inaccuracies contained in its reports and asked it to correct the inaccuracies.

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

1  Trans Union failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs

2  disputed.

3  **ANSWER:**    TUI denies that the statements contained in this paragraph require a response

4  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

5  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

6      52.    Trans Union failed to review and consider all relevant Information submitted

7  by plaintiffs.

8  **ANSWER:**    TUI denies that the statements contained in this paragraph require a response

9  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

10  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

11      53.    Trans Union failed to employ and follow reasonable procedures to assure

12  maximum possible accuracy of plaintiffs credit reports, information and file in violation of

13  15 USC § 168le(b).

14  **ANSWER:**    TUI denies that the statements contained in this paragraph require a response

15  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

16  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

17      54.    As a result of the above-described violations of § 1681i and § 1681e(b),

18  plaintiffs sustained damages.

19  **ANSWER:**    TUI denies that the statements contained in this paragraph require a response

20  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

21  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22      55.    Defendant Trans Union's violations of the FCRA were willful and therefore

23  plaintiffs are therefore entitled to also seek statutory and punitive damages.

24  **ANSWER:**    TUI denies that the statements contained in this paragraph require a response

25  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

26  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27  **Second Claim: Violations of the Fair Credit Reporting Act-Against Experian**

28      56.    Plaintiffs incorporate by reference ¶¶ 1 through 41.

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

1  **ANSWER:**   TUI reasserts its answers and responses set forth herein.

2       57.    In its arrangements with defendants Quizzle and ConsumerInfo.com, Experian

3  violated Section 1681(e)(a) having (a) failed to maintain reasonable procedures designed to

4  limit the furnishing of consumer reports to the purposes listed under Section 1681b and

5  Section 1681(e)(a) having had no reasonable grounds for believing that the consumer reports

6  would be used by the persons who obtained plaintiffs' reports for a purpose listed under

7  Section 1681b.  Experian also violated Section 1681b of the FCRA having had no reason to

8  believe that the persons who obtained plaintiffs' credit reports intended to use its credit

9  reports in connection with a "credit transaction" involving the consumers on whom the report

10  was furnished.

11  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

12  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

13  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

14       58.    Within the two years preceding the filing of this complaint, plaintiffs notified

15  Experian of inaccuracies contained in its reports and asked it to correct the inaccuracies.

16  Experian failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs

17  disputed.

18  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

19  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

20  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21       59.    Experian failed to review and consider all relevant information submitted by

22  plaintiffs.

23  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

24  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

25  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26       60.    Experian failed to employ and follow reasonable procedures to assure

27  maximum possible accuracy of plaintiffs credit reports, information and file in violation of

28  15 USC § 1681e(b).

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

1   **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

2   from TUI as they do not constitute allegations asserted against it, pursuant to Rule

3   8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

4         61.    As a result of the above-described violations of §§ 1681b, 1681i and 1681e(b),

5   plaintiffs  sustained damages.

6   **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

7   from TUI as they do not constitute allegations asserted against it, pursuant to Rule

8   8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

9         62.    Defendant Experian's violations of the FCRA were willful and therefore

10   plaintiffs are therefore entitled to also seek statutory and punitive damages.

11   **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

12   from TUI as they do not constitute allegations asserted against it, pursuant to Rule

13   8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

14   **Third Claim: Violations of the Fair Credit Reporting Act-Against Quizzle**

15         63.    Plaintiffs incorporate by reference ¶¶ 1 through 62.

16   **ANSWER:**   TUI reasserts its answers and responses set forth herein.

17         64.    Quizzle failed to maintain reasonable procedures designed to limit the

18   furnishing of consumer reports to the purposes listed under section 1681b, including

19   procedures requiring prospective users of the information to identify themselves, certify the

20   purposes for which the information is sought, and certify that the information will be used for

21   no other purpose.

22   **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

23   from TUI as they do not constitute allegations asserted against it, pursuant to Rule

24   8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25         65.    Quizzle violated § 1681b by furnishing Experian consumer reports to persons

26   with respect to whom Quizzle did not have reasonable grounds for believing that the reports

27   would only be used for permissible purposes.

28   **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

1   from TUI as they do not constitute allegations asserted against it, pursuant to Rule
2   8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

3         66.    Quizzle violated Section 1681(c)(a) having had no reasonable grounds for
4   believing that the consumer reports would be used by the persons who obtained plaintiffs'
5   reports for a purpose listed under Section 1681b.

6   **ANSWER:**   TUI denies that the statements contained in this paragraph require a response
7   from TUI as they do not constitute allegations asserted against it, pursuant to Rule
8   8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

9         67.    Quizzle violated Section 1681b having had no reason to believe that the
10  persons who obtained plaintiffs' credit reports intended to use the credit reports in connection
11  with a "credit transaction" involving the consumers on whom the report was furnished.

12  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response
13  from TUI as they do not constitute allegations asserted against it, pursuant to Rule
14  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

15        68.    Quizzle failed to block reports that contained identity-theft information as
16  required by § 1681c-2(d)(2).

17  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response
18  from TUI as they do not constitute allegations asserted against it, pursuant to Rule
19  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20        69.    After plaintiffs notified Quizzle of inaccuracies contained in its reports and
21  asked it to correct certain inaccuracies, Quizzle failed to conduct a reasonable reinvestigation
22  of the inaccuracies.

23  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response
24  from TUI as they do not constitute allegations asserted against it, pursuant to Rule
25  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26        70.    Quizzle failed to review and consider all relevant information submitted by
27  plaintiffs.

28  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

1  from TUI as they do not constitute allegations asserted against it, pursuant to Rule
2  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

3       71.     Quizzle failed to employ and follow reasonable procedures to assure
4  maximum possible accuracy of plaintiffs' credit reports, information and file in violation of
5  Section 168le(b).

6  **ANSWER:**    TUI denies that the statements contained in this paragraph require a response
7  from TUI as they do not constitute allegations asserted against it, pursuant to Rule
8  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

9       72.     As a result of the above-described violations of §§ 1681b, 1681i and §
10  I681e(b), plaintiffs have sustained damages.

11  **ANSWER:**    TUI denies that the statements contained in this paragraph require a response
12  from TUI as they do not constitute allegations asserted against it, pursuant to Rule
13  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

14       73.     These defendants' violations of the FCRA were willful and therefore plaintiffs
15  are therefore entitled to also seek statutory and punitive damages.

16  **ANSWER:**    TUI denies the allegations contained in this paragraph as they apply to TUI.
17  TUI denies that the remaining statement contained in this paragraph require a response from
18  TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and
19  thus are considered denied or avoided under Rule 8(b)(6).

20  **Fourth Claim: Violations of the Fair Credit Reporting Act-Against**
21  **ConsumerInfo.com**

22       74.     Plaintiffs incorporate by reference ¶¶1 through 62.

23  **ANSWER:**    TUI reasserts its answers and responses set forth herein.

24       75.     ConsumerInfo.com failed to maintain reasonable procedures designed to limit
25  the furnishing of consumer reports to the purposes listed under section 1681b, including
26  procedures requiring prospective users of the information to identify themselves, certify the
27  purposes for which the information is sought, and certify that the information will be used for
28  no other purpose.

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

1  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

2  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

3  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

4      76.   ConsumerInfo.com violated § 1681b by furnishing Experian consumer reports

5  to persons with respect to whom ConsumerInfo.com did not have reasonable grounds for

6  believing that the reports would only be used for permissible purposes.

7  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

8  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

9  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

10      77.   ConsumerInfo.com violated Section 1681(c)(n) having had no reasonable

11  grounds for believing that the consumer reports would be used by the persons who obtained

12  plaintiffs' reports for a purpose listed under Section 1681b.

13  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

14  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

15  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

16      78.   ConsumerInfo.com violated Section 1681b having had no reason to believe

17  that the persons who obtained plaintiffs' credit reports intended to use it's [sic] the credit

18  reports in connection with a "credit transaction" involving the consumers on whom the report

19  was furnished.

20  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

21  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

22  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

23      79.   ConsumerInfo.com failed to block reports that contained identity-theft

24  information as required by § 168lc-2(d)(2).

25  **ANSWER:**   TUI denies that the statements contained in this paragraph require a response

26  from TUI as they do not constitute allegations asserted against it, pursuant to Rule

27  8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

80.     After plaintiffs notified ConsumerInfo.com of inaccuracies contained in its reports and asked it to correct certain inaccuracies, ConsumerInfo.com failed to conduct a reasonable reinvestigation of the inaccuracies.

**ANSWER:**     TUI denies that the statements contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

81.     ConsumerInfo.com failed to review and consider all relevant information submitted by plaintiffs.

**ANSWER:**     TUI denies that the statements contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82.     ConsumerInfo.com failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs' credit reports, information and file in violation of Section 168le(b).

**ANSWER:**     TUI denies that the statements contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83.     As a result of the above-described violations of §§ 1681b, 1681i and § 1681e(b),  plaintiffs have sustained damages.

**ANSWER:**     TUI denies that the statements contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

84.     These defendants' violations of the FCRA were willful and therefore plaintiffs are entitled to also seek statutory and punitive damages.

**ANSWER:**     TUI denies the allegations contained in this paragraph as they apply to TUI. TUI denies that the remaining statement contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

**Fifth Claim: Violations of the Fair Credit Reporting Act-Against TransUnion Interactive**

85.     Plaintiffs incorporate by reference ¶¶ 1 through 62.

**ANSWER:**     TUI reasserts its answers and responses set forth herein.

86.     Trans Union Interactive failed to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1681b, including procedures requiring prospective users of the information to identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

**ANSWER:**     TUI denies the allegations contained in this paragraph.

87.     Trans Union Interactive violated § 1681b by furnishing Trans Union consumer reports to persons with respect to whom Trans Union Interactive did not have reasonable grounds for believing that the reports would only be used for permissible purposes.

**ANSWER:**     TUI denies the allegations contained in this paragraph.

88.     Trans Union Interactive violated Section 1681(e)(a) having had no reasonable grounds for believing that the consumer reports would be used by the persons who obtained plaintiffs' reports for a purpose listed under Section 1681b.

**ANSWER:**     TUI denies the allegations contained in this paragraph.

89.     Trans Union Interactive violated Section 1681b having had no reason to believe that the persons who obtained plaintiffs' credit reports intended to use the credit reports in connection with a "credit transaction" involving the consumers on whom the report was furnished.

**ANSWER:**     TUI denies the allegations contained in this paragraph.

90.     Trans Union Interactive failed to block reports that contained identity-theft information as required by § 1681 c-2(d)(2).

**ANSWER:**     TUI denies the allegations contained in this paragraph.

91.    After plaintiffs notified Trans Union Interactive of inaccuracies contained in its reports and asked it to correct certain inaccuracies, Trans Union Interactive failed to conduct a reasonable reinvestigation of the inaccuracies.

**ANSWER:**    TUI denies the allegation that it "failed to conduct a reasonable reinvestigation of the inaccuracies." TUI states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to TUI, which has the effect of a denial under Rule 8(b)(5).

92.    Trans Union Interactive failed to review and consider all relevant information submitted by plaintiffs.

**ANSWER:**    TUI denies the allegations contained in this paragraph.

93.    Trans Union Interactive failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs' credit reports, information and file in violation of Section 168le(b).

**ANSWER:**    TUI denies the allegations contained in this paragraph.

94.    As a result of the above-described violations of §§ 1681b, 1681i and § 168le(b), plaintiffs have sustained damages.

**ANSWER:**    TUI denies the allegations contained in this paragraph.

95.    These defendants' violations of the FCRA were willful and therefore plaintiffs entitled to also seek statutory and punitive damages.

**ANSWER:**    TUI denies the allegations contained in this paragraph as they apply to TUI. TUI denies that the remaining statement contained in this paragraph require a response from TUI as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    Actual, statutory and punitive damages;

2.    Injunctive relief;

3.    Costs and attorney's fees; and

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

4.      Such other and further relief as the Court deems proper.

**ANSWER:**      TUI denies that Plaintiffs are entitled to any damages, costs, fees or other relief from or against TUI.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs have failed to state a claim against TUI upon which relief may be granted.

2.      Plaintiffs' state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      TUI's reports concerning Plaintiffs were true or substantially true.

4.      TUI has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiffs.

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiffs' claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, TUI acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiffs' claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

10.      Plaintiffs' damages are the result of acts or omissions committed by Plaintiffs.

11.      Plaintiffs' damages are the result of acts or omissions committed by the other parties over whom TUI has no responsibility or control.

12.      Plaintiffs' damages are the result of acts or omissions committed by non-parties to this action over whom TUI has no responsibility or control.

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**

13.     Any claim for exemplary or punitive damages asserted by Plaintiffs violate Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     TUI reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union Interactive, Inc., by counsel, denies that Plaintiffs are entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiffs on all counts set forth in the Complaint, and that Trans Union Interactive, Inc. be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully Submitted:

Date:   June 27, 2013

*s/ Justin T. Walton*
Justin T. Walton, Esq. (IN #29540-49)
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  jwalton@schuckitlaw.com

*Lead Counsel for Defendant, Trans Union Interactive, Inc.*

Monica Katz-Lapides, Esq. (CSB #267231)
Tate & Associates
1321 8th Street, Suite 4
Berkeley, CA  94710
Telephone:  510-525-5100
Fax:  510-525-5130
E-Mail:  mkl@tateandassociates-law.com

*Local Counsel for Defendant, Trans Union Interactive, Inc.*

**TRANS UNION INTERACTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES– 3:13-CV-02252-WHA**